Filed 5/20/25  Esquer v. Hong Holdings CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RICARDO ESQUER,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>HONG HOLDINGS, LLC et al.,<br><br>        Defendants and Appellants. | B339194<br><br>(Los Angeles County Super. Ct. No. 24AVCV00130) |

        APPEAL from an order of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Affirmed.
        Pettit Kohn Ingrassia Lutz & Dolin, Ryan H. Nell, Alysha R. Zapata, and Annie F. Fraser for Defendants and Appellants.
        Sparrow Law Group, Joubin Hanassab, and Nikka Maleki for Plaintiff and Respondent.

We consider whether the trial court erred in denying a motion to compel arbitration filed by defendants and appellants[1] based on the court's finding that they did not carry their burden to prove the existence of a valid arbitration agreement with plaintiff and respondent Ricardo Esquer (plaintiff). The issue comes down to whether the court's doubts about the authenticity of the purported agreement were justified.

## I.  BACKGROUND

Plaintiff, who began working as a truck driver at Conico in 2018, sued defendants after they terminated his employment in 2023. His operative complaint pleads eleven causes of action including harassment, retaliation for making complaints about harassment and for whistleblowing, wrongful termination, various Labor Code violations, and other employment-related torts.

Defendants moved to compel arbitration of the dispute. They contended Esquer signed an agreement during his onboarding process that mandated arbitration of all claims or controversies arising out of his recruitment, employment, or termination of employment. Defendants attached the purported arbitration agreement to their motion, and the document bears the handwritten, printed names of Ricardo Esquer and M. Goldberg, signatures beneath those names, and handwritten April 11, 2018, dates beneath the signatures.

Defendants also filed a declaration by Michael Goldberg in support of their motion to compel arbitration. Goldberg declared

---

[1]     They are Hong Holdings dba Conico Wholesale, LLC (Conico), Mike Goldberg (Goldberg), John Yu, and Larry Grand. We shall refer to them collectively as "defendants."

he was responsible for onboarding new drivers in 2018. According to Goldberg, he "conducted the onboarding process when Ricardo Esquer ("Plaintiff") was hired at Conico on April 26, 2018 [sic] in the position of Class A Truck Driver." Goldberg averred that "[d]uring the in-person onboarding process, [he] presented Plaintiff with approximately 25 pages of document[s] overall, including various policies. The Arbitration Agreement was presented in the packet of 25 documents [sic]." Goldberg further declared that "Plaintiff hand-signed the Arbitration Agreement during his onboarding process," "[t]he purpose of the Arbitration Agreement was verbally expressed to Plaintiff during the onboarding process," plaintiff did not ask any questions during onboarding or after signing the arbitration agreement, and plaintiff was given a copy of the Arbitration Agreement and "was provided with the opportunity to review it with an attorney."

Plaintiff opposed defendants' motion to compel arbitration. He argued defendants had not established the existence of an authentic agreement to arbitrate because plaintiff disputed he signed such an agreement and Goldberg's declaration did not authenticate the purported arbitration agreement attached to defendants' motion to compel. Plaintiff emphasized Goldberg necessarily lacked the requisite personal knowledge to authenticate the document because his declaration stated the onboarding process occurred on April 26 while the arbitration agreement attached to defendants' motion was dated two weeks earlier, i.e., April 11. Relatedly, plaintiff argued Goldberg also had no personal knowledge of whether an arbitration agreement was included in a packet given to plaintiff during the onboarding

3

process, whether plaintiff signed it, or whether its purpose was explained to plaintiff.

Plaintiff submitted a declaration in support of his opposition. He declared that on April 11, 2018, he had a meeting with Goldberg in which Goldberg verbally offered plaintiff the position of truck driver for Conico. When plaintiff accepted the offer, Goldberg presented him with a packet of pre-printed documents and said something to the effect of, "sign these now and you're good." Plaintiff attested there were immigration verification and tax forms in the packet of documents, but he averred he did not recall seeing or signing an arbitration agreement. Plaintiff further declared that he had reviewed the arbitration document attached to the motion to compel arbitration and recognized neither the document nor the signature on it that purported to be his (he explained it "d[id] not look like [his] usual signature.") Plaintiff also maintained he was not provided with a copy of a signed arbitration agreement, either in person or by email, and neither Goldberg nor anyone else ever explained to plaintiff what arbitration was. According to plaintiff, Goldberg told him he would start work at Conico on April 26, 2018. Plaintiff did not receive or sign any additional paperwork on that day, and Goldberg was not present when plaintiff reported to work that day.

Defendants filed a reply to plaintiff's opposition, but their reply was not accompanied by any additional declarations or evidence.

The trial court held a hearing on defendants' motion to compel arbitration in May 2024. There is no reporter's transcript of the hearing in the appellate record, but the trial court issued a five-page "statement of decision" following that hearing

4

explaining its reasons for denying the motion to compel arbitration.

The trial court found arbitration was not required because there was no valid, authenticated arbitration agreement. In particular, the court highlighted the contradiction between Goldberg's statement that plaintiff signed the arbitration agreement when Goldberg "conducted the onboarding process when [plaintiff] was hired at Conico on April 26, 2018" and the document itself bearing signatures dated April 11, 2018.

## II. DISCUSSION

The record supports the trial court's finding that defendants did not carry their burden to prove the existence of a valid arbitration agreement. The trial court reasonably determined that defendants' evidence of the existence of such an agreement (the document attached to their motion and the Goldberg declaration) did not suffice even on its own, and especially when considered against plaintiff's countervailing evidence. The proffered arbitration agreement was signed and dated on April 11, 2018, which was inconsistent with Goldberg's declaration that plaintiff signed the agreement two weeks later during a meeting where Goldberg purportedly explained arbitration to him. (Indeed, when confronted with the inconsistency by plaintiff's opposition to the motion to compel arbitration, defendants did not even attempt to explain it away in a supplemental declaration.) Plaintiff, on the other hand, without contradiction declared he did not recall receiving or signing an arbitration agreement and the signature on the purported agreement attached to defendants' motion did not look like his usual signature. That evidentiary picture fully justifies

5

the trial court's finding that there was no valid agreement to arbitrate.

### A. Legal Background and Appellate Review

A "party seeking arbitration has the burden of proving the existence of an arbitration agreement by a preponderance of the evidence." (*Ramirez v. Golden Queen Mining Company, LLC* (2024) 102 Cal.App.5th 821, 829.) "Although the party seeking arbitration bears the ultimate burden of proof as to the existence of an arbitration agreement, the burden of producing evidence on the issue may shift pursuant to a three-step process recognized by California courts. [Citations.] The first step requires the party seeking arbitration to carry the initial burden of presenting prima facie evidence of a written agreement to arbitrate the controversy. [Citations.] If that initial burden is met, the second step requires the party opposing arbitration to carry the burden of producing evidence to challenge the authenticity of the agreement. [Citation.] If the opposing party meets the burden of producing sufficient evidence, the third step requires the party seeking arbitration to prove by a preponderance of the evidence that the parties formed a valid contract to arbitrate their dispute. [Citation.]" (*Id.* at 830.)

"There is no uniform standard of review for evaluating a trial court's order granting or denying a motion to compel arbitration. [Citation.]" (*Herzog v. Superior Court* (2024) 101 Cal.App.5th 1280, 1294.) We ordinarily review an order denying a petition to compel arbitration for abuse of discretion (absent a pure question of law), but if an order turns on resolution of a factual issue, we review for substantial evidence. (*Espejo v. Southern California Permanente Medical Group* (2016) 246

6

Cal.App.4th 1047, 1056-1057; *Robertson v. Health Net of California, Inc.* (2005) 132 Cal.App.4th 1419, 1425.)

> ### B. *The Trial Court Did Not Err in Finding No Valid Agreement to Arbitrate*

Defendants' evidence of an agreement to arbitrate was defective from the outset. The purported arbitration agreement is dated April 11, 2018, but Goldberg's declaration unequivocally represents plaintiff agreed to arbitration by signing a document on another date two weeks later. Here, verbatim, is what Goldberg avers under penalty of perjury: "5. I conducted the onboarding process when [plaintiff] was hired at Conico on April 26, 2018, in the position of Class A Truck Driver. [¶] 6. During the in-person onboarding process, I presented [p]laintiff with approximately 25 pages of document[s] overall, including various policies. The Arbitration Agreement was presented in the packet of 25 documents [sic]. The entire onboarding process took approximately two hours. [¶] 7. Plaintiff hand-signed the Arbitration Agreement during his onboarding process. A true and correct copy of [p]laintiff's signed Arbitration Agreement is attached hereto as Exhibit 1. [Emphasis omitted] [¶] 8. The purpose of the Arbitration Agreement was verbally expressed to [p]laintiff during the onboarding process." Because Goldberg represents plaintiff signed an arbitration agreement during the two-hour onboarding process on April 26, 2018, and the document attached to his declaration as that agreement is dated two weeks before that, even defendants' own evidence does not establish the

7

proffered arbitration agreement was signed by plaintiff.[2]  And that, of course, means there is no proof of a valid agreement that justifies compelling arbitration.  (*AT&T Technologies, Inc. v. Communications Workers of America* (1986) 475 U.S. 643, 648 ["arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit"]; *Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413.)

Considering the evidence submitted by plaintiff only reinforces this conclusion.  Plaintiff declared he did not recall receiving or signing an arbitration agreement; he reviewed the arbitration document attached to the motion to compel arbitration and did not recognize it; and the signature near his name on that document did not look like his usual signature. Plaintiff also maintained he would not have left his prior employment to work for Conico if he knew doing so would require him to sign a document that rendered him unable to file a lawsuit and have a jury trial.  And plaintiff stated he did not receive any additional paperwork or explanation about arbitration on his first day of work, a day on which Goldberg was not present.  That— and the lack of any evidentiary response from defendants—only confirms the trial court's finding is well justified.  (See, e.g.,

---

[2]     Defendants argue here, as they unsuccessfully argued in the trial court, that Goldberg's declaration is merely "unartfully written" and does not say the onboarding occurred on April 26, 2018.  That is wrong; we have reproduced what Goldberg says, and he says he conducted the onboarding process "when" plaintiff was hired "on" April 26, 2018.  Defendants also do not explain why, if it truly was merely a drafting issue, they never even attempted to submit evidence clarifying or explaining the "unartful writ[ing]."

8

*Navas v. Fresh Venture Foods, LLC* (2022) 85 Cal.App.5th 626, 631-632 [sufficient evidence supported trial court's finding that plaintiffs did not sign arbitration agreement where plaintiffs averred they did not recall seeing the arbitration agreement before and did not "recognize" the signature on the document as their own].)

## DISPOSITION

The order denying the motion to compel arbitration is affirmed. Plaintiff is awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM (D.), J.